CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 20 2006

JOHN F. CORCORAN, CLERK
BY: /s/ Saylor
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHRIS MARTIN,<br>    Plaintiff, | )<br>)   Civil Action No. 7:06-cv-00481<br>) |
| v. | )   **MEMORANDUM OPINION**<br>) |
| UNNAMED DEFENDANTS, et. al.,<br>    Defendants. | )<br>)   By: Hon. James C. Turk<br>)   Senior United States District Judge |

Plaintiff Chris Martin, a Virginia inmate proceeding pro se,[1] brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343.[2] In his complaint, Martin alleges that unnamed officers in Bedford, Virginia, violated his constitutional rights by wrongfully prosecuting him for violating a protective order, when, in fact, the order was not yet in effect. The court advised Martin that the allegations in his complaint failed to state a claim upon which relief could be granted under § 1983, but gave him twenty days to amend the complaint to particularize his allegations and name proper defendants. Martin complied with the court's conditional filing order and submitted amendments to his complaint, naming individuals as defendants. Upon consideration of the complaint as amended, however, the court finds that this action should be dismissed pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim upon

---

[1] Martin states that he will be released from prison on October 30, 2006.

[2] Martin originally submitted his claims on a form designed to assist inmates in filing petitions for writs of habeas corpus, pursuant to 28 U.S.C. § 2254. The court sent Martin a questionnaire, describing a habeas action and a civil rights action under § 1983 and requiring Martin to indicate which action he wished to pursue. Martin returned the form, clearly indicating that he wished to pursue a civil rights action, alleging a claim of wrongful prosecution on the charge of violating a protective order.

1

which relief may be granted.[3]

I. Background

From Martin's sparse allegations and documentation, the sequence of events appears to be as follows. On October 7, 2005, a Bedford County grand jury returned an indictment, charging that on August 20, 2005, Martin "did unlawfully violate a provision of a protective order issued August 30, 2005 by committing assault and battery upon a party protected by the protective order." Martin alleges that Amanda Williams "brought the charge." The Bedford County Circuit Court issued a capias for Martin on this charge on October 11, 2005, and he was jailed. At a hearing on March 17, 2006, the Attorney for the Commonwealth moved for a nolle prosequi on the indictment of assault and battery and violating a protective order, and the court granted that motion by order entered March 20, 2006. The March 20 order indicates that the case against Martin would be continued for trial "on the Indictment for Rape."

Martin asserts that:

> the telephone conversation that took place on August 20, 2005, should not have been offered in as evidence or viewed as a confession. The opinion formed solely upon 'what she said' on the phone only served to prejudice the case and should have been suppressed. Because of the violation of protective order charge itself, this led to additional charges against me of sexual assault and simple assault.

Martin alleges that as a result of being incarcerated, he has suffered loss of wages of $100.00 per day, loss of other unidentified personal property, and loss of time with his children. His mental and physical health also allegedly deteriorated during his incarceration, although he does not specify what his symptoms were. He states that officials let him go through a lot of pain before taking him

---

[3] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

to the hospital, where he had surgery and almost died. He also alleges that he may need future mental health treatment. As defendants, he names the Commonwealth of Virginia, the city of Bedford, Dick Padgett, and Stephanie Ayers.

## II. Analysis

As an initial matter, Martin's allegations as amended do not state any actionable claim against any of the defendants he has named and must be dismissed, pursuant to § 1915A(b)(1). To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). Martin does not allege any facts concerning specific conduct undertaken by Dick Padgett or Stephanie Ayers in violation of his rights. Thus, he fails to state any claim that they violated his constitutional rights, and all claims against them must be dismissed. The Commonwealth, like any state, is protected by sovereign immunity and as such, is not a person subject to suit under § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989). Accordingly, the court will dismiss all claims against the Commonwealth. A municipality may be liable under § 1983 for constitutional violations committed by municipal employees only "when execution of a government's policy or custom . . . inflicts the injury." Monell v. Dep't of Social Services, 436 U.S. 658, 694 (1978). Martin does not allege facts suggesting that the city of Bedford has any policy or custom authorizing prosecution of individuals on charges that allege factual impossibilities, such as a charge for violating a protective order that does not yet exist. Thus, Martin's allegations state no actionable § 1983 claim against the city, and all such claims must be dismissed.

Martin alleges that Amanda Williams is the woman who "filed" the charge. He does not state

3

whether he intends Williams to be a defendant in this action or clarify whether she is the victim of the assault or a law enforcement officer involved in bringing the criminal charge. As Martin fails to allege sufficient facts about the conduct this defendant took in violation of his rights,[4] he fails to state any § 1983 claim against her. Therefore, the court must dismiss all claims as to this defendant, pursuant to § 1915A.

In any event, the facts of Martin's case as currently before the court do not state any actionable claim against any government official. There is a clearly established Fourth Amendment right to be free from arrest or prosecution without probable cause. Lambert v. Williams, 223 F.3d 257, 261 (4th Cir. 2000) (interpreting Albright v. Oliver, 510 U.S. 266 (1994)); Brooks v. City of Winston-Salem, 85 F.3d 178, 181-82 (4th Cir. 1996). A Fourth Amendment claim that an investigative officer arrested the plaintiff without probable cause or that any government official took actions that encouraged the decision to prosecute the plaintiff without probable cause is actionable under § 1983.[5] Lambert, 223 F.3d at 262. Such a Fourth Amendment claim of malicious prosecution incorporates the elements of the common law tort of malicious prosecution: (1) the initiation or maintenance of a proceeding against the plaintiff by the defendant; (2) termination of that proceeding favorable to the plaintiff; (3) lack of probable cause to support that proceeding; and

---

[4]If Amanda Williams was the victim of the offense charged in the indictment, Martin fails to demonstrate how she could be characterized as a person acting under color of state law. Generally, only an individual employed by the state or acting in concert with state officials qualifies as a person subject to suit under § 1983. See Lugar v. Edmonson Oil Co., 457 U.S. 922 (1982) (finding that only person whose actions are "fairly attributable to the State" can be person subject to suit under § 1983).

[5]To the extent that Martin attempts to bring a claim of malicious prosecution or false imprisonment under Virginia common law, such state law claims are not actionable under § 1983. Lambert v. Williams, 223 F.3d 257, 262 (4th Cir. 2000). The court declines to exercise supplemental jurisdiction over any such state law claim, pursuant to 28 U.S.C. § 1367(c).

4

(4) the defendant's malice. Id.

Martin's allegations include the first three elements of a malicious prosecution claim. A criminal proceeding was initiated against him in the form of the indictment charging violation of a protective order, and those proceedings ended favorably to Martin when the court nolle prossed them. Clearly, it was impossible for Martin to have violated a protective order on August 20 when that protective order was not issued until August 30. Thus, prosecution of the indictment on this charge was not supported by probable cause. Martin alleges no facts suggesting, however, that any official involved in his case maliciously pursued the prosecution of this indictment after realizing that it was not supported by probable cause. The record indicates that Martin was indicted for other offenses, and he fails to demonstrate that he was not properly detained based on those charges.

Martin seems mainly concerned about the content of an August 20, 2005, telephone conversation, which he believes should have been "suppressed." If he believes that the content of the call was wrongfully used to persuade a judge or jury to convict him of some other, related charge, he may raise such allegations in a habeas corpus action, challenging the validity of that other conviction. The allegations have no bearing, however, on his current claim of malicious prosecution on the protective order charge.

Finally, Martin also alleges that he did not receive adequate medical attention while incarcerated. Such claims may be actionable under § 1983. See Estelle v. Gamble, 429 U.S. 97 (1976) (finding that prison official's deliberate indifference to inmate's serious medical need states Eighth Amendment claim actionable under § 1983). Martin, however, fails to allege facts concerning specific conduct undertaken by any of the named defendants in connection with his medical care at the jail; therefore, he fails to state any medical claim in this complaint as amended.

5

III. Conclusion

For the stated reasons, the court concludes that the entire complaint must be dismissed without prejudice, pursuant to § 1915A(b)(1), for failure to state a claim. An appropriate order shall be issued this day.

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to the defendants.

ENTER: This 30th day of October, 2006.

*/s/ James C. Turk*
Senior United States District Judge